Eduardo **VELAZQUEZ**, Plaintiff,

v.

**CITY OF CHICOPEE, et al., Defendants.**

Civ.A. No. 03–30249–MAP.

United States District Court,
D. Massachusetts.

Dec. 30, 2004.

Michael J. Akerson, Edward P. Reardon, P.C. Worcester, MA, for Michael Carroll, Defendant.

Mark H. Bluver, Shatz, Schwartz & Fentin, PC, Springfield, MA, for Eduardo Velazquez, Plaintiff.

Deborah L. Cornwall, Cochran Neufeld & Scheck, New York City, for Eduardo Velazquez, Plaintiff.

Austin M. Joyce, Edward P. Reardon, P.C., Worcester, MA, for Michael Carroll, Defendant.

Thomas A. Kenefick, III, Law Office of Thomas A. Kenefick III, Springfield, MA, for Dennis G. Fontaine, Defendant.

Richard J. Maggi, Springfield, MA, for Mark Coelho, Defendant.

Jane D. Montori, Hampden County District Attorney's Office, Springfield, for Asst. Dist. Attorney Diane Dillon, District Attorney William M. Bennett, Movants.

Peter J. Neufeld, Cochran Neufeld & Scheck, LLP, New York City, for Eduardo Velazquez, Plaintiff.

Edward M. Pikula, O'Connor, Martinelli, Cullinan & Pikula, Springfield, MA, for Jeanne Nowak, Defendant.

John P. Pucci, Fierst, Pucci & Kinder, LLP, Northampton, MA, for Ron Landry, Defendant.

Jack F. St. Clair, Springfield, for City of Chicopee, Defendant.

Barbara J. Sweeney, Springfield, MA, for James Pollard, Defendant.

## FURTHER MEMORANDUM
## RE: DISCOVERY

PONSOR, District Judge.

### I.  *Introduction.*

Plaintiff, who served a lengthy prison term for a crime he claims never to have committed, has brought this suit against the City of Chicopee and six of its police officers alleging, among other things, that they deliberately failed to disclose evidence that would have cleared him of all charges. As part of his effort to obtain discovery, he has sought access to the case file from his 1988 trial, which is in the possession of the Hampden County District Attorney's office. The District Attorney has voluntarily produced portions of the file but has withheld certain documents based on the "deliberative process" privilege, which is designed to protect certain communications between decision-makers such as the District Attorney and his subordinates.

In response to the plaintiff's motion to compel and the District Attorney's motion to quash, this court adopted a somewhat unusual approach. Instead of requiring submission of the disputed documents for *in camera* review by the court, as is typical, the court on October 14, 2004 ordered the District Attorney to provide the disputed documents to counsel for the plaintiff and the defendants, subject to a protective order. The court further ordered counsel, after reviewing the materials within the limitations of the protective order, to submit memoranda demonstrating why they should be permitted to make use of the documents in the litigation of this case, without restriction from any protective order.

Counsel for the plaintiff and for the defendants have now submitted their memoranda in light of their review of the actual documents in question, and the District Attorney has replied. For the reasons set forth below, the court will order that certain of the documents now in the possession of counsel for the parties in this matter be freed from the limitations of any protective order and fully available for use in the discovery and trial of this case. Other documents, however, enjoy the protection of the privilege; their production is not justified by any counterbalancing substantial need on the part of the plaintiff or of any defendant. As to these documents, the court will order that counsel certify that they have been returned, uncopied, to the District Attorney, or destroyed, within ten days.

### II.  *Procedural and Factual Background.*

The plaintiff was indicted in December of 1987 on two counts of aggravated rape and

on other lesser charges. His first trial resulted in a hung jury, but at a subsequent proceeding in November 1988 he was found guilty and sentenced to twelve to eighteen years in prison. Assistant District Attorney Dianne M. Dillon represented the Commonwealth of Massachusetts at both trials.

On August 15, 2001, after DNA testing, the plaintiff's motion for new trial was allowed with the agreement of the Commonwealth, and five days later the District Attorney filed a *nolle prosequi* on all charges. This lawsuit pursuant to 42 U.S.C. § 1983 was filed on October 23, 2003. As noted, the complaint alleges, among other things, that the defendant police officers deliberately withheld evidence that would have cleared the plaintiff in his 1988 criminal trial, with the result that he spent more than fourteen years imprisoned for a crime he never committed.

On March 9, 2004, during the discovery of this case, plaintiff's counsel served a deposition subpoena upon District Attorney William M. Bennett seeking a copy of the case file related to the plaintiff's 1988 trial.[1] During discussions with counsel portions of the file were produced, but the District Attorney declined to produce his own notes relating to the case, the notes of any prosecutor, or internal office memoranda and e-mail messages, on the ground of privilege. The stalemate eventually produced opposing motions to compel and to quash.

On October 14, 2004 the court issued a Memorandum and Order regarding these motions. Dkt. No. 47. The order required, among other things, that the Hampden County District Attorney's office convey copies of fifteen categories of documents to specified attorneys, subject to a protective order limiting the use of the material. The court further ordered counsel for the parties, after reviewing the documents, to file supplemental memoranda on or before October 22, 2004 indicating which papers they believed they were entitled to use without restriction during the discovery and trial of this case. The Hampden County District Attorney's office was given until November 19, 2004 to respond to the parties' supplemental memoranda.

The plaintiff's and the defendants' supplemental submissions in this instance all agree: the entire file of the Hampden County District Attorney's office relating to this case— including all fifteen categories of documents at issue—should be fully available to all parties during both the discovery and the trial of this case. The responsive submission of the Hampden County District Attorney's office, on the other hand, continues to object to unrestricted disclosure of certain documents, on the ground that such disclosure would compromise the deliberative process privilege.

### III. *Discussion.*

The Supreme Court addressed the policy underlying the privilege asserted here, in the context of a case brought pursuant to the Freedom of Information Act, in *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). In that decision, Justice White noted that the privilege rested "on the policy of protecting the 'decision making processes of government agencies'" and focused "on documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Id.*, at 150, 95 S.Ct. 1504 (citations omitted). To emphasize the common sense basis for the privilege, the Court quoted *United States v. Nixon*, 418 U.S. 683, 705, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), which observed that "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the *detriment of the decision making process.*" (Emphasis added by Justice White).

The continuing viability of this policy rationale was more recently underlined in *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001), where the Court observed that "[t]he deliberative process privilege rests on the obvious realization that officials

---

1. Plaintiff used the name Hernandez in 1988, so the trial at that time was *Commonwealth v. Her-* *nandez.*

will not communicate candidly among themselves if each remark is a potential item of discovery and front page news ...." *Id.*, at 8–9, 121 S.Ct. 1060.

The deliberate process privilege has been repeatedly recognized in the First Circuit and the District of Massachusetts. In *Association for Reduction of Violence v. Hall*, 734 F.2d 63 (1st Cir.1984), Judge Bownes recognized a privilege "for intragovernmental memoranda containing opinions or recommendations of policy-making rather than purely factual import ...." *Id.*, at 66 (citations omitted). He noted that the privilege is "qualified rather than absolute" and may be overborne by a showing that the information sought is "relevant, helpful and unavailable from other sources." *Id. See also, N.O. v. Callahan*, 110 F.R.D. 637, 643 (D.Mass.1986).

In *Williams v. City of Boston*, 213 F.R.D. 99 (D.Mass.2003), Magistrate Judge Dein addressed the impact of the deliberative process privilege in the context of a civil rights lawsuit alleging discrimination within the Boston police department. In that case, following a comprehensive review of the justification for the privilege, she concluded that disclosure of the documents in question would in no way "interfere with the decision-making process that the privilege is designed to protect." *Id.*, at 102. Of particular significance, she found, was the nature of the matter before her, a civil rights case, in which "an assertion of privilege must 'overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'" *Id.*, citing *Mason v. Stock*, 869 F.Supp. 828, 833 (D.Kan.1994) (internal citations omitted). Moreover, she noted, where "'the decision-making process itself is the subject of the litigation,' it is inappropriate to allow the deliberative process privilege to preclude discovery of relevant information." *Id.*, citing *Burka v. NYC Transit Auth.*, 110 F.R.D. 660, 667 (S.D.N.Y.1986).

■ With this backdrop, certain aspects of the decision facing this court become simple. First, the contention of both the plaintiff and the defendants that the entire file should be produced—on the ground that what is *not* in the file is relevant, and may be demonstrated

by placing the entire corpus of documents before the factfinder—is untenable, for three reasons. First, the aggressiveness of this argument shows insufficient respect for the deliberative process privilege, which shelters significant policy interests. Second, the *absence* of documentation has marginal relevance to the issues in the case. Third, to the extent that a document vacuum has any significance—by implying, for example, a lack of communication—this substantive evidence can be easily placed before the jury through the direct testimony of the pertinent parties.

On the other hand, the over breadth of the District Attorney's assertion of privilege is particularly stark in light of the fact that this is a civil rights case where the process of decision-making itself is at the center of the dispute.

■ Apart from the unsupportable claim that the entire file should be freed from any protective order, the plaintiff seeks two groups of documents: Items, 3, 4, and 7 (memoranda generated more than ten years after the plaintiff's trial relating to DNA testing and the decision-making process leading up to the District Attorney's filing of the *nolle prosequi*); and Items, 13–15 (notes made by Assistant District Attorney Dillon regarding the conduct of the 1988 trial). The court hereby withdraws the protective order regarding Items 13 through 15. These documents shed light on the allegedly tainted trial itself; to the extent that they reveal the prosecutor's state of mind or strategy in pursuing the case, these are matters at the heart of the litigation itself and may be fully explored. The notes' relevance, along with the absence of any superior, available evidence, is obvious.

■ On the other hand, with regard to the much more recent confidential communications between the District Attorney and Ms. Dillon—Items 3, 4 and 7—the support for the privilege is strong. Decisions regarding DNA testing and dismissal of charges are difficult and complex. The District Attorney must be able to depend on full candor and complete confidentiality in regard to communications leading up to this kind of challenging, discretionary decision. Forced disclosure of this

type of communication would significantly undermine the decisionmaking process, with no substantial counterbalancing contribution to the matters at issue in this litigation.

For the foregoing reasons, all counsel provided copies of documents in the fifteen categories are ordered to return, uncopied, all documents in categories one through twelve, or certify that these documents have been destroyed, no later than January 10, 2005. The protective order with regard to the documents in categories thirteen through fifteen is hereby withdrawn. These documents may be used for all purposes.

It is So Ordered.